# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **WALBERTO HERNÁNDEZ-REYES,**<br>　Plaintiff,<br><br>　　　　v.<br><br>**BIO-MEDICAL APPLICATIONS OF PUERTO RICO, INC.,**<br>　Defendant. | **CIVIL NO**. 23-1444 (MDM) |

## OPINION AND ORDER

This matter is before me on Defendant Bio-Medical Applications of Puerto Rico, Inc.'s ("Bio-Medical" or "defendant") Motion to Dismiss Plaintiff Walberto Hernández Reyes' ("Mr. Hernández" or "plaintiff") complaint, arguing that the claims asserted therein are barred by the doctrine of claim preclusion (*res judicata*) and Federal Rule of Civil Procedure 41(b). (Docket No. 19).[1] After reviewing the arguments presented by the parties and the relevant legal framework, I find that the plaintiff's claims are barred by the doctrine of *res judicata* and dismissal is warranted pursuant to Rule 41(b). Accordingly, for the reasons set forth below, the Motion to Dismiss is **GRANTED**.

### I. Background

Mr. Hernández initiated this lawsuit by asserting claims against defendant Bio-Medical ("Biomedical" or "defendant"). This, however, is not the first time that Mr. Hernández has brought claims against Bio-Medical arising from similar, or nearly identical, claims. More specifically, on January 26, 2022, Mr. Hernández filed a similar lawsuit against this defendant and other parties in a case captioned *Hernández Reyes v. Bio-Medical Applications of Puerto Rico, et. al.*, Civil No. 22-1049 (DRD) (the "First Case"). *See* Civil Case No. 22-1049, Docket No. 21. On April 4, 2022, Mr. Hernández filed an Amended Complaint in that First Case. Therein,

---

[1] The Court need not address all of Bio-Medical's arguments in favor of dismissal, as the claim preclusion argument is dispositive.

Mr. Hernández asserted the same claims brought in this now subsequent litigation pursuant to the same laws, namely, the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq., ("ADA"), and the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*, against the same party, Bio-Medical. *See id.* While that First Case was pending, Defendant contends that Mr. Hernández and his attorney, José Vélez-Colón, filed the above-captioned complaint (the "Complaint") in apparent bad faith and vexatiously. *See* Docket No. 3.

The Court, by Order of the Honorable Senior District Judge Daniel R. Domínguez dismissed the First Case **with prejudice** on October 4, 2023, due to Mr. Hernández's failure to comply with some of the Court's orders and his lack of diligence in prosecuting his claims. More specifically, Judge Domínguez dismissed the case because the plaintiff failed to properly serve the defendant with the correct exhibits cited in the complaint in direct contravention of the Court's order. *See* First Case, Civil No. 22-1049 (DRD) at Docket Nos. 32-33. In pertinent part, the Order dismissing the case reads, in pertinent part, as follows:

> Plaintiff served Defendants with the incorrect exhibits of the [c]omplaint. Defendants moved to dismiss the complaint, among other reasons, for improper service of process pursuant to Rules 12(b)(4) and 12 (b)(5) of the Federal Rules of Civil Procedure.
>
> \* \* \*
>
> [T]he Court ordered Plaintiff to "properly serve Defendants by April 11, 2023." (Docket No. 29 at 5). Plaintiff was warned that "failure to properly serve Defendants will result in a dismissal of the instant case." *Id.* On April 14, 2023, three days after the established deadline, Defendants filed a motion to dismiss for failure to comply with court order (Docket No. 29) (Docket No. 31). In said motion, Defendants informed the Court that Plaintiff had failed to properly serve Defendants by April 11, 2023. In fact, as of April 13, 2023, Plaintiff had not served Defendants. Therefore, Defendants requested that the instant case be dismissed.

Plaintiff was on notice that service had to be effectuate[d] again upon the Court quashing service. Plaintiff has not stated that good cause existed for Plaintiff's failure to serve in the face of Defendant's motion for dismissal, nor has Plaintiff responded to Defendant's motion at all. The Court finds that dismissal is appropriate given Plaintiff's lack of eagerness to prosecute the instant case. The instant case is dismissed under Rule 12(b)(5) for failure to comply with Rule 4(c)(1)[,] which states that "[a] summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by the Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed.R.Civ.P. 4(c)(1). Because "Rule 10(c) makes exhibits a part of the pleading for all purposes, a defendant must be served with the complaint and copies of all exhibits to the complaint." *Sánchez-Velázquez v. Municipality of Carolina*, 2012 WL 6726475, at 3* (D.P.R. 2012) (citing 4A Wright & Miller, Federal Practice and Procedure, Civ. 3d § 1093).

Rule 41(b) authorizes a district court to dismiss a case with prejudice for "failure of the plaintiff to prosecute or to comply with . . . any order of court . . ." Dismissal with prejudice is a harsh sanction and the First Circuit has held that it should be employed only when a plaintiff's misconduct has been extreme. *Figueroa Ruiz v. Alegria*, 896 F.2d 645, 647 (1st Cir. 1990). The Court considers that this is exactly the type of situation that warrants a dismissal with prejudice. Plaintiff filed their complaint and failed to properly serve Defendants with the correct exhibits.

Plaintiff later filed an amended complaint and failed to serve Defendants with the same. Defendants filed a motion to dismiss for, among other reasons, Plaintiff's failure to properly serve the complaint and Plaintiff responded by filing a "statement of non-opposition" arguing that with the modifications made in the amended complaint at Docket No. 21, Defendants' motion to dismiss had no factual or legal basis. Plaintiff did not even mention a reason for his failure to properly serve Defendants. The Court treated Defendants' motion to dismiss as a motion to quash service. (Docket No. 29) and explicitly warned Plaintiff that failure to properly serve would result in a

> dismissal of the instant case. Yet Plaintiff failed to comply with said order. Plaintiff's absence of any reasonable explanation for such misbehavior and his disobedience of a court order containing an explicit warning are all factors counseling strongly in favor of dismissal. Especially when the First Circuit has held that "the law is well established in this circuit that where a noncompliant litigant has manifested a disregard for orders of the court and been suitably forewarned of the consequences of continued intransigence, a trial judge need not first exhaust milder sanctions before resorting to dismissal." *HMG Prop. Invs., Inc. v. Parque Indus. Rio Canas, Inc.*, 847 F.2d 908, 918 (1st Cir. 1988).
>
> For the reasons stated above, Defendants' motion to dismiss is hereby **GRANTED** and the instant case is dismissed **WITH PREJUDICE**.

*See* First Case, Civil Case No. 22-1049, Order at Docket No. 32.

Pursuant to the Order cited above, the Court entered Judgment **DISMISING** the case **with PREJUDICE**, which, according to Fed. R. Civ. P. 41(b), operates as "an adjudication on the merits." *See* First Case, Civil Case No. 22-1049, Docket Nos. 32 & 33.

## II. <u>Legal Standard</u>

Courts have the power to dismiss a complaint when a plaintiff fails to comply with the Federal Rules of Civil Procedure. *Kuehl v. F.D.I.C.*, 8 F.3d 905, 908 (1st Cir. 1993); *Vakalis v. Shawmut Corp.,* 925 F.2d 34, 36 (1st Cir. 1991). The First Circuit has repeatedly held that "disobedience of court orders, in and of itself, constitutes extreme misconduct . . . warrant[ing] dismissal." *Cintrón-Lorenzo v. Departamento de Asuntos del Consumidor*, 312 F.3d 522, 526 (1st Cir. 2002) (quoting *Tower Ventures, Inc., v. City of Westfield*, 296 F.3d 43, 46 (1st Cir. 2002)).

To that effect, the First Circuit has made pellucid that:

> Courts cannot function if litigants may, with impunity, disobey lawful orders. It has long been the rule that federal courts possess plenary authority "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.,* 370 U.S. 626,

> 630–31 [82 S. Ct. 1386, 1388–89, 8 L. Ed. 2d 734] (1962) (footnote omitted). Though a federal court may dismiss claims *sua sponte* for proper cause, *id.,* at 630–31 [82 S. Ct. at 1388–89], that inherent power has been augmented [by Fed. R. Civ. P. 41(b)].

*HMG Prop. Invs., Inc. v. Parque Indus. Rio Canas, Inc.,* 847 F.2d 908, 916 (1st Cir. 1988)*; Abdullah v. Acands, Inc.*, 30 F.3d 264, 270 (1st Cir. 1994).

> Rule 41 of the Federal Rules of Civil Procedure provides in relevant part:
>> For failure of the plaintiff to prosecute *or to comply with* these rules or *any order of court*, a defendant may move for dismissal . . . . Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision . . . operates as an adjudication upon the merits.

Fed. R. Civ. P. 41(b). *See also Estate of Solís-Rivera v. United States*, 993 F.2d 1, 2 (1st Cir. 1993).

Moreover, the authority of a federal court to dismiss a plaintiff's cause of action with prejudice because of his or her failure to comply with any court order has been reaffirmed many times over the years by the First Circuit. *See Abdullah v. Acands, Inc.*, 30 F.3d 264, 269-70 (1st Cir. 1994) (affirming district court dismissal pursuant to Fed. R. Civ. P. 41(b) for failing to comply with, *inter alia,* the district court's local rule governing joinder); *see also HMG Property Investors, Inc. v. Parque Industrial Rio Canas, Inc.,* 847 F.2d 908, 918 (1st Cir. 1988) ("where a non-compliant litigant has manifested a disregard for orders of the court and been suitably forewarned of the consequences of continued intransigence, a trial judge need not first exhaust milder sanctions before resorting to dismissal [with prejudice]"). *See also Faill v. Adamik*, No. 13-CV-557, 2015 WL 1403396, at *2 (N.D.N.Y. Mar. 26, 2015); *Tylicki v. Ryan,* 244 F.R.D. 146, 147 (N.D.N.Y. 2006) (Kahn, J.) (dismissing complaint pursuant to Fed. R. Civ. P. 41(b) for failing to comply with, *inter alia,* the district courts Local Rule 10.1(b)(2)); *In re Interbank Funding Corp.,* 310 B.R. 238, 254 (Bankr. S.D.N.Y. 2004) (dismissing complaint pursuant to Fed. R. Civ. P. 41(b) for failing to comply with, *inter alia,* the district court's local rules); *Kilgo v. Ricks,* 983 F.2d 189, 192

(11th Cir. 1993) ("A district court has authority under Federal Rule of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules."). A district court's "choice of remedy under Rule 41(b) is reviewable only for abuse of discretion." *Figueroa Ruiz v. Alegria,* 896 F.2d 645, 647 (1st Cir. 1990).

Although the First Circuit has not addressed the precise issue raised herein, namely whether a dismissal with prejudice under Rule 41(b) carries claim preclusion effects, this Court and other sister Circuit Courts have indeed found exactly that. For example, in *Marrero Negrón v. Fuentes Ortiz* this Court found that a dismissal granted under Rule 41(b) "[. . .] is entitled to claim preclusive effect. Under Rule 41(b) an adjudication upon the merits is the opposite of a dismissal without prejudice." *Marrero Negrón v. Fuentes Ortiz,* 2006 WL 8450691, at 2 (D.P.R. 2006) (emphasis added).

Federal claim preclusion law applies in determining the preclusive effect to be given to a prior federal court judgment. *See Coors Brewing Co. v. Méndez–Torres,* 562 F.3d 3, 8 (1st Cir. 2009). "The doctrine of *res judicata,* now called claim preclusion, forecloses litigation of all matters which have been litigated or might have been litigated in an earlier case[, whereas t]he rule of collateral estoppel, now termed [']issue preclusion,['] precludes re-litigation of issues actually adjudicated." *Washington Legal Foundation v. Massachusetts Bar Foundation,* 993 F.2d 962, 971 (1st Cir. 1993) citing 18 Charles Alan Wright, Arthur R. Miller and Edward H. Cooper, *Federal Practice and Procedure: Jurisdiction,* § 4402, 4404 (1981). The doctrine of claim preclusion—or *res judicata*—prohibits parties from contesting issues that they have had a "full and fair opportunity to litigate." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). Federal claim preclusion law bars parties from relitigating claims that could have been made in an earlier suit, not just claims that were actually made. *See Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398 (1981); *Andrew Robinson Int'l, Inc. v. Hartford Fire Insurance Co.,* 547 F.3d 48, 52 (1st Cir. 2008) ("*Res judicata* makes a valid final judgment conclusive on the parties . . . and

prevents re-litigation of all matters that were or could have been adjudicated in the action.")

In this case, both the alleged precluding suit and the alleged precluded suit were filed in the federal court. As such, federal law governs the *res judicata* effect of the final Judgment in the First Case. *Mass. School of Law at Andover v. American Bar Assoc.,* 142 F.3d 26, 37 (1st Cir. 1998) (citation omitted). Generally speaking, claim preclusion applies if three elements are met: "(1) the earlier suit resulted in a final judgment on the merits, (2) the causes of action asserted in the earlier and later suits are sufficiently identical or related, and (3) the parties in the two suits are sufficiently identical or closely related." *Airframe Sys., Inc. v. Raytheon Co.*, 601 F.3d 9, 14 (1st Cir. 2010); *Negrón–Fuentes v. UPS Supply Chain Solutions,* 532 F.3d 1, 10–11 (1st Cir. 2008); *Apparel Art Int'l, Inc. v. Amertex Enter., Ltd.,* 48 F.3d 576, 583–84 (1st Cir. 1995). The Court discusses these elements seriatim.

### III. Discussion

For all practical purposes, on August 29, 2023, Mr. Hernández filed an initial lawsuit against Bio-Medical, asserting the same causes of action, requesting the same remedies and citing the same "architectural barriers" and purported "discriminatory procedures, policies and practices" that are now raised in the present case. In an argument that proves fatal to plaintiff's claims here, that prior lawsuit was dismissed with prejudice on October 4, 2023, due to plaintiff's failure to adhere to and follow the Court's Orders. *See* First Case at Docket Nos. 32-33. As noted, Rule 41(b) of the Federal Rules of Civil Procedure expressly authorizes a district court to dismiss a case "for failure of the plaintiff to prosecute or comply with . . . any order of the court." *Estate of Solís-Rivera v. United States*, 993 F.2d 1, 2 (1st Cir. 1993); *see also Abdullah v. Acands, Inc.*, 30 F.3d 264, 269-70 (1st Cir. 1994).

The dismissal of the First Case, as specifically stated by Judge Domínguez, was *with prejudice*, and pursuant to applicable law, *on the merits*. *See López-González v. Municipality of Comerío*, 404 F.3d 548, 553 (1st Cir. 2005). As such, Bio-Medical

argues that the dismissal of the earlier case constitutes a final judgment on the merits, thereby warranting the dismissal of the present suit. The Court agrees.

As mentioned above, in order to prevail in a *res judicata* defense to bar a second action there must be: (1) a final judgment on the merits in the earlier action; (2) sufficient identity of the cause of action in both the earlier and later suits, that is, the causes of action asserted in the earlier and later suits must be sufficiently identical or related, and (3) sufficient identity between the parties in both actions, that is, the parties in the two suits must be sufficiently identical or closely related. *Maher v. GSI Lumonics, Inc.*, 433 F.3d 123, 127 (1st Cir. 2005); *Airframe Sys., Inc.*, 601 F.3d at 14. All three elements are satisfied here, so the doctrine attaches to this latter filed suit.

Beginning with the first element, there must have been a final judgment on the merits in the prior suit. In the present case, that requirement is clearly satisfied. The First Case was dismissed with prejudice by Judge Domínguez on October 4, 2023. In his ruling, Judge Domínguez specifically stated that, "[p]ursuant to the Order issued at Docket No. 32, the Court hereby **DISMISSES** the instant case **with PREJUDICE**." *See* Civil Case No. 22-1049, Docket No. 33. As such, the dismissal of the First Case constitutes a final judgment on the merits, thus satisfying the first element for the application of the *res judicata* doctrine.

The second requirement for the application of the *res judicata* doctrine is that the causes of action asserted in both the First Case and in the present case must be sufficiently identical or related. That element is also met.

A direct comparison of the Amended Complaint filed in the First Case and the Complaint filed in the present case demonstrates that the causes of action asserted in both cases are identical. In both cases, Mr. Hernández raised the following claims: (1) "Denial of 'Full and Equal' Enjoyment and Use" (Docket No. 3, at 14-15; Civil Case No. 22-1049, Docket No. 21, at 13-14); (2) "Failure to Remove Architectural Barriers in an Existing Facility" (Docket No. 3, at 15; Civil Case No. 22-1049, Docket No. 21, at 14); (3) "Failure to Design and Construct an Accessible Facility" (Docket No. 3, at

16; Civil Case No. 22-1049, Docket No. 21, at 14); (4) "Failure to Make an Altered Facility Accessible" (Docket No. 3, at 16-17; Civil Case No. 22-1049, Docket No. 21, at 14-15); and (5) "Failure to Modify Existing Policies and Procedures" (Docket No. 3, at 17; Civil Case No. 22-1049, at 15-16).

The factual basis of the claims is also materially similar, if not identical. For example, all of the claims focus on two categories of alleged ADA violations: (1) "architectural barriers," and (2) the "discriminatory practices, policies, and procedures." As for the alleged architectural barriers, which are alleged to be in violation of ADA specifications, both cases cite to the exact same twenty-one (21) barriers. Bio-Medical has provided a table as part of its Motion to Dismiss to illustrate this point. A comparison of the 'architectural barriers' outlined in the present Complaint versus those included in the Amended Complaint in the First Case demonstrates that they are, for all intents and purposes, identical. Furthermore, to the extent that there are any modifications to the architectural barriers included in the First Case versus those in the present case, they are minor, at best, and certainly do not constitute new barriers that would somehow save the Complaint from dismissal under the *res judicata* doctrine. Likewise, the relief sought by Mr. Hernández in the Amended Complaint in the First Case is identical to the relief requested in the present case. A review of the side-by-side comparison of the remedies sought in the prayers for relief in both complaints reveals that they are, in fact, carbon copies.

The plaintiff nevertheless argues that the doctrine of *res judicata* does not apply here because the instant case is allegedly premised on visits made by the plaintiff to Bio-Medical's facility *after* the entry of Judgment dismissing the First Case. Plaintiff further contends that "the [present] Complaint expressly details at least ten incidents between July 27, 2023, and August 17, 2023—after the [First Case] dismissal—when Plaintiff personally encountered discriminatory barriers at Defendant's clinic that deterred his full and equal access." *See* Civil Case No. 22-1049, Docket No. 3, ¶¶ 9, 10, 13; Docket No. 21 at 5. Plaintiff therefore claims that these

"post-judgment incidents could not have been litigated in [the First Case], as they had not yet occurred when that case was filed on January 26, 2022." *See* Docket No. 21 at 5. Plaintiff's argument does not hold water for various reasons.

First, Judge Domínguez entered Judgment dismissing the First Case on October 4, 2023. *See* Civil Case No. 22-1049, Docket No. 33. Plaintiff contends, however, that all the purported incidents and ADA violations referenced in the present Complaint "are predicated on actions and incidents occurring *after*" the entry of Judgment dismissing the First Case. Such contention is simply wrong. A close review of the Complaint in this case shows that the Plaintiff alleged having confronted the ADA violations at defendant's place of business on the following dates: July 27, 2023, July 29, 2023, August 1, 2023, August 3, 2023, August 5, 2023, August 8, 2023, August 10, 2023, August 12, 2023, August 15, 2023, and August 17, 2023. *See D*ocket No. 3 at ¶¶13.1-13.10. Clearly none of these dates post-date the October 4, 2023 entry of the Judgment of Dismissal of the First Case.

Second, an examination of the Amended Complaint in the First Case and the Complaint in the present action shows that plaintiff's alleged injuries stem from the *same* architectural barriers and/or policies purportedly existing at Bio-Medical's facility (since the inception of the First Case). All the same, irrespective of whether the plaintiff allegedly refers to visits to the Bio-Medical facility that postdate the filing of the Amended Complaint in the First Case, the underlying basis for the alleged ADA violations in this new action remains identical. It is well-settled that the federal *res judicata* doctrine encompasses claims that *could* have been asserted in the first action. To that end, the First Circuit has stressed that, "[f]ederal claim preclusion law bars parties from relitigating claims that could have been made in an earlier suit, not just claims that were actually made." *Airframe Systems*, 601 F.3d at 14. "Under *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or *could have been raised* in that action." *See Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n*, 142 F.3d at 38 (1st Cir. 1998) (emphasis added) ("To bring claim preclusion into play,

a cause of action need not be a clone of the earlier cause of action"). This makes sense because the doctrine of *res judicata* "precludes the re-litigation of all the issues" from the common nucleus of operative facts "that were tried or might have been tried in the original suit." *Plunkett v. State*, 869 A.2d 1185, 1188 (R.I. 2005).

As such, even assuming, *arguendo*, that some new arguments, albeit minor and inconsequential, or architectural barriers were introduced in this new case and also assuming, *arguendo*, that the alleged ADA violations in the prior and present suit were not identical—which the undersigned is clearly not finding—the rather broad claim prelusion doctrine would nevertheless apply here. *See Massachusetts School of Law at Andover, Inc.*, 142 F.3d at 38 ("To bring claim preclusion into play, a cause of action need not be a clone of the earlier cause of action").

Lastly, to satisfy the third element of the *res judicata* doctrine, the parties in the current action must be sufficiently identical or closely related to those in the prior action. That element is irrefutably satisfied here. Mr. Hernández was the designated plaintiff in the First Case, and he remains as such in the present case. Similarly, Bio-Medical was a named defendant in the First Case, and it retains the same status here. As both parties in the current action were also parties in the First Case, it is clear that the parties in each proceeding are identical. *See* Docket No. 3 and Civil Case No. 22-1049, Docket No. 21.

Based on the foregoing discussion, in sum, plaintiff's Complaint in the present case is undeniably identical to the Amended Complaint filed in the First Case (with the same material facts, pleadings, and causes of action), against the same defendant as the prior action. Moreover, said causes of action and requests for remedies are grounded in the same alleged architectural barriers and policies that were the subject of the First Case. The First Case was dismissed with prejudice on October 4, 2023, under Rule 41(b). Accordingly, all three elements of the claim preclusion (*res judicata*) doctrine are met, and the plaintiff is barred from relitigating those claims now.

The doctrine of claim preclusion is grounded in the interest of finality and judicial economy. It serves at least two important interests: protecting litigants against gamesmanship and the added litigation costs of claim-splitting, and preventing scarce judicial resources from being squandered in unnecessary litigation. *Airframe Sys., Inc.*, 601 F.3d at 14. Those interests are especially implicated in a case like this one, where the plaintiff had every opportunity to fully litigate his various claims against the full panoply of defendants in an earlier lawsuit and yet made the strategic decision not to do so. Plaintiff, therefore, cannot have a second chance, nor a proverbial second bite at the apple, hoping for a different outcome by bringing the same claims against the same defendant in a new and subsequent lawsuit.

## IV. Conclusion

For the foregoing reasons, Bio-Medical's Motion to Dismiss at Docket No. 19 is **GRANTED**. The Clerk is directed to enter judgment accordingly.

The undersigned further warns the plaintiff and Atty. Vélez-Colón that they are barred from asserting additional claims against Bio-Medical for the same architectural barriers and policies addressed in the First Case and in the present litigation, regardless of plaintiff's future visits to Bio-Medical's facility.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 31st day of March 2025.

*s/Marshal D. Morgan*
MARSHAL D. MORGAN
United States Magistrate Judge